NORTHERN DISTRICT OF TEXAS
FILED
FEB - 4 2016
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:15-CR-152-A |
| | § | |
| ERIC SUMMERS, ET AL. | § | |

ORDER

On February 2, 2016, Robert E. Luttrell, III ("Luttrell"), the court-appointed attorney for defendant **MATTHEW RYAN THOMPSON** ("Thompson") in the above-captioned case, filed a motion to withdraw as counsel for Thompson. The wording of the motion to withdraw is virtually identical to one that was recently filed by the retained attorney for co-defendant Phillip Schenck ("Schenck"). The court now has under consideration the possibility of granting the motion to withdraw as to Schenck, and the court has indicated that such motion probably will be granted if Schenck and his defense counsel were to do certain things that they so far have failed to do. However, the court views differently a court-appointed attorney's motion to withdraw as counsel rather than to continue on as counsel during an appeal.

When Luttrell applied for membership on the Criminal Justice Act Voluntary Panel, he answered "Yes" to the question "[w]ould you like to be appointed to: Represent Defendants in criminal trials (appointments usually include representation on appeal)?".

When Luttrell was appointed to represent Thompson, he signed and filed an Entry of Appearance of Counsel in which he expressed the following understanding:

> I understand that it is my duty to continue to represent the named defendant in connection with all matters relating to this case, and in connection with all proceedings therein in this Court; to assist him/her with any appeal which he/she desires to perfect, and to represent him/her on appeal until a final judgment has been entered; unless and until, after written motion filed by me, I am relieved by Order of the Court.

Doc. 119.[1]

The docket of this case contains an entry pertaining to Luttrell's appointment of counsel for Thompson that says "[t]his appointment continues through any appeal unless counsel is relieved by court order for good cause shown." Doc. 109.

If Luttrell is incompetent to handle Thompson's appeal, the court would consider that to be good cause for allowing Luttrell to withdraw. Luttrell does not allege in his motion to withdraw that he is incompetent to represent Thompson on Thompson's appeal, only that he "does not handle appeals." Doc. 321. The fact that Thompson intends to seek to assert on appeal ineffective assistance of counsel is not good cause for allowing Luttrell to withdraw.

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:15-CR-152-A.

2

Therefore, the court is denying Luttrell's motion to withdraw without prejudice to refiling if he considers that he does not have the level of competence required to represent Thompson on an appeal. Whatever facts are stated in such a refiled motion must verified by the affidavit or statutory declaration of Luttrell.

In the meantime, Luttrell is to take whatever steps are necessary to assist Thompson in the pursuit of Thompson's appeal.

THE COURT SO ORDERS.

SIGNED February 4, 2016.

_____
JOHN McBRYDE
United States District Judge