IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 15 2017

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN RE POSSIBLE DISCIPLINARY       §
ACTION AGAINST                    §    NO. 4:17-MC-012-A
ROBERT E. LUTTRELL, III           §


## ORDER IMPOSING DISCIPLINE

For the reasons stated below, the court has concluded that
disciplinary action should be taken against Robert E. Luttrell,
III ("Luttrell"), a member of the Bar of this court and of this
division's Criminal Justice Act Panel, pursuant to the authority
of this court's Local Criminal Rule LCrR 57.8(b)(1), (2), and (3)
for conduct unbecoming a member of the Bar, failure to comply
with orders of this court, and unethical behavior.  All findings
of fact expressed in this order are made by the clear and
convincing evidence standard unless otherwise indicated.

I.

## Overview

What started in February 2016 as a one-issue concern with
Luttrell's conduct as the defense attorney for Matthew Ryan
Thompson ("Thompson") in criminal Case No. 4:15-CR-152-A has
evolved into multiple and serious issues of concern.

The initial issue arose with the filing by Luttrell of a
motion to withdraw from representation of Thompson shortly after
the court issued its sentencing judgment.  Luttrell gave as a

reason for filing the motion that he does not handle appeals. That reason was inconsistent with duties Luttrell undertook when he accepted his Criminal Justice Act ("CJA") appointment to represent Thompson.  The court denied the motion, pointing out the inconsistencies between Luttrell's statement in the motion that he does not handle appeals and the commitments he made, and to which he was subject, by becoming a member of the CJA Panel of this division of the Northern District, and by wording of his entry of appearance for Thompson.

The withdrawal issue standing alone would not have caused the court to consider significant disciplinary action.  However, much more serious problems came to light as a result of a letter the court received from Thompson on January 9, 2017, in which Thompson said he was writing to find out the result of his appeal, because, he said, if it was denied there would be time limitations he would have to adhere to.  He also made known that he had been attempting to obtain a copy of his file from Luttrell, without success.

Upon receipt of the letter, the court was reminded that on December 15, 2016, the Fifth Circuit had affirmed Thompson's sentencing judgment.  The court issued an order on January 10, 2017, informing Luttrell of Thompson's letter, and expressing the court's expectations that Luttrell keep his client fully advised

2

of all pertinent developments in his client's case and that Luttrell would cooperate with Thompson in causing Thompson to be provided material Luttrell had in his possession pertinent to Thompson's criminal case.

Apparently the only thing Luttrell was prompted to do by the January 10, 2017 order was to send a letter to Thompson on January 17, 2017, informing Thompson of the affirmance of Thompson's sentence, and advising of Luttrell's intent to apply to the Fifth Circuit for permission to withdraw from further representation of Thompson.  That was the first time Luttrell told Thompson the outcome of Thompson's appeal or of Luttrell's intent to file a motion to withdraw.  By then, the deadline for the filing by Thompson of a petition for rehearing in the Fifth Circuit had expired and a significant portion of the time for filing a petition for writ of certiorari had elapsed.

Luttrell included with his January 17, 2017 letter a copy of a Memorandum to Counsel the Fifth Circuit had provided to Luttrell on December 15, 2016, when it sent him its opinion and judgment of affirmance of Thompson's sentence.  The memorandum told Luttrell that he was responsible for filing for Thompson a petition for rehearing and a writ of certiorari to the U.S. Supreme Court, unless relieved of his obligation by a court order.  It also informed him that if he had an intention to

3

withdraw as counsel, he should notify Thompson promptly, and advise Thompson of the time limits for filing for rehearing and certiorari. Luttrell did not comply with any of the instructions given to him by the Fifth Circuit.

Luttrell added to the court's concerns about his conduct by his failure to comply with orders the court issued as it was receiving letters from Thompson complaining of Luttrell's conduct. After having issued two orders directing him to do so, the court finally received from Luttrell his explanations for some of his inappropriate conduct in the representation of Thompson. His explanations were unsatisfactory.

That led to the issuance of an order on March 14, 2017, that created the above-captioned miscellaneous action as a vehicle for the handling of a disciplinary proceeding against Luttrell. On March 15, 2017, the court issued an order expressing the court's tentative conclusions that Luttrell had engaged in conduct unbecoming a member of the Bar of this court, had failed to comply with orders of the court, and had engaged in unethical behavior, all as contemplated by Local Criminal Rule LCrR 57.8(b)(1), (2), and (3). The court outlined in the order the reasons for the court's concerns, and scheduled a hearing for March 28, 2017, for Luttrell to appear before the court and show cause, if any he had, why appropriate disciplinary action should

4

not be taken against him for the conduct described in the order. The court cautioned that the disciplinary action could include removal or suspension from the Bar of this court, removal from the CJA Panel of the Fort Worth Division, a fine, or a combination of one or more of those things. The hearing was conducted as scheduled. Luttrell failed to provide the court a satisfactory explanation for any of his conduct about which this court has concerns.

The factual background information set out below provides the context and setting that led to the disciplinary actions the court is taking against Luttrell.

## II.

### Pertinent Factual Background

A. **Luttrell Is a Member of the Bar of this Court and of the CJA Panel for the Fort Worth Division**

Luttrell became a member of the Bar of this court in July 2007. His application recited immediately above his signature that he recognized "that by admission to this Court I am subjecting myself to the discipline of this Court." He became a member of the Fort Worth Division's Criminal Justice Act Voluntary Panel in April 2009. In his application, he answered "yes" to the question asking "[w]ould you like to be appointed

to[] [r]epresent defendants in criminal trials (appointments usually include representation on appeal)?".

B.   Luttrell's Trial Court Representation of Thompson and His Commitment to Represent Thompson on Appeal

In June 2015, an indictment was returned charging Thompson and other persons with the offense of Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846.  CR Doc. 14.[1]  By an order issued July 16, 2015, the magistrate judge who handled Thompson's initial appearance and arraignment appointed Luttrell to represent Thompson.  CR Doc. 109.  The docket entry confirming Luttrell's appointment informed Luttrell that "[t]his appointment continues through any appeal unless counsel is relieved by court order for good cause shown."  Id. (emphasis added).  On July 23, 2015, Luttrell filed his entry of appearance as counsel for Thompson in which he expressed the following understanding:

> I understand that it is my duty to continue to represent the named defendant in connection with all matters relating to this case, and in connection with all proceedings therein in this Court; to assist him/her with any appeal which he/she desires to perfect, and to represent him/her on appeal until a final judgment has been entered; unless and until,

---

[1] The "CR Doc. ___" references are to the numbers assigned to the referenced items on the docket in criminal Case No. 4:15-CR-152-A.

3e03d46e1712d5c2

<u>after written motion filed by me, I am relieved by</u>
<u>Order of the Court</u>.

CR Doc. 119 (emphasis added).

The commitment made by Luttrell in his entry of appearance to continue to represent Thompson in his appeal was consistent with the "continuing representation" requirements of this court's Criminal Justice Act Plan, which reads as follows:

> <u>Continuing Representation</u>.   Once counsel is appointed under the CJA, <u>representation shall continue until: 1) the matter, including appeal or review by certiorari, is closed</u>; 2) substitute counsel has filed a notice of appearance; 3) an order has been entered allowing or requiring the person represented to proceed <u>pro se</u>; <u>or 4) the appointment is terminated by court order</u>.   The court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings.

Criminal Justice Act Plan (Misc. Order No. 3, Rev. June 2000)(emphasis added).

The CJA itself makes clear that a court-appointed counsel should be prepared to represent the defendant through an appeal, saying:

> A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings.

18 U.S.C. § 3006A(c).

Luttrell represented Thompson at his initial appearance and arraignment, CR Docs. 106 & 107, and continued to represent Thompson throughout proceedings in the district court.

On August 28, 2015, Thompson pleaded guilty to the offense charged by the indictment. CR Doc. 162. He was sentenced on February 1, 2016 to a term of imprisonment of 420 months, to run consecutively to sentences in several state court criminal cases, and a term of supervised release of four years. CR Doc. 314.

C.   Luttrell's Motion to Withdraw as Counsel for Thompson

After filing a notice of appeal for Thompson, CR Doc. 320, Luttrell filed a motion to withdraw as Thompson's attorney, CR Doc. 321, giving as one of his reasons that he "does not handle appeals" id. at 1, ¶ 3.

On February 4, 2016, the court denied Luttrell's motion to withdraw as Thompson's attorney, reminding Luttrell (1) that he had been informed when he sought membership in this division's CJA Panel that appointments usually include representation on appeal, (2) of the docket entry informing him that his appointment continued through an appeal, and (3) of the understanding he expressed in his entry of appearance for Thompson that his representation extended to assisting Thompson with any appeal Thompson desired to perfect, and to represent Thompson on appeal until a final judgment has been entered,

8

unless and until relieved by an order of the court.   CR Doc. 323.

The February 4, 2016 order concluded with the statement that

"<u>Luttrell is to take whatever steps are necessary to assist</u>

<u>Thompson in the pursuit of Thompson's appeal.</u>"   Id. at 3

(emphasis added).

D.   <u>Luttrell's Representation of Thompson on Appeal and the</u>
     <u>Fifth Circuit's Affirmance</u>

Luttrell represented Thompson in his appeal through the

ruling by the opinion and judgment of the United States Court of

Appeals for the Fifth Circuit on December 15, 2016, affirming

this court's February 2016 sentencing judgment.   CR Docs. 403 &

404.   The judgment of the Fifth Circuit was issued as a mandate

on January 6, 2017.   CR Docs. 403 & 404.

E.   <u>Luttrell's Post-Affirmance Actions Relative to Thompson's</u>
     <u>Appeal</u>

On December 15, 2016, the same day the Fifth Circuit

affirmed this court's judgment against Thompson, it sent a copy

of its decision to Luttrell along with a Memorandum to Counsel

providing instructions to Luttrell concerning future actions he

should take.   CR Doc. 409, Ex. at 3.   Luttrell was instructed as

follows:

> <u>COURT APPOINTED COUNSEL</u>.   Court appointed counsel
> is responsible for filing petition(s) for rehearing(s)
> (panel and/or en banc) and writ(s) of certiorari to the
> U.S. Supreme Court, unless relieved of your obligation
> by court order.   If it is your intention to file a

9

motion to withdraw as counsel, you should notify your client promptly, <u>and advise them of the time limits for filing for rehearing and certiorari</u>. Additionally, you MUST confirm that this information was given to your client, within the body of your motion to withdraw as counsel.

<u>Id.</u>

Luttrell did not inform Thompson of the Fifth Circuit's December 15, 2016 ruling against him until he sent Thompson a letter on January 17, 2017. <u>Id.</u>, Ex. at 4. By then, the time for the filing of a petition for rehearing had expired. <u>See</u> Rule 40(a)(1) of the Federal Rules of Appellate Procedure.

Nor did Luttrell comply with any of the instructions given to him by the Fifth Circuit in the above-quoted language taken from the Fifth Circuit's December 15, 2016 Memorandum. He did not file a petition for rehearing for Thompson, even though he was not relieved of his obligation to do so. He did nothing to advise Thompson of the time limits for filing a rehearing. He did not inform Thompson of his intent to withdraw as Thompson's counsel until he sent the January 17, 2017 letter to Thompson.

<u>Id.</u>

F.   <u>Thompson's Letters to the Court and Related Orders, and Luttrell's Responses to the Orders</u>

    1.   <u>The January 10, 2017 Letter and Order</u>

On January 9, 2017, the court received a letter from Thompson informing the court that the last time he heard from

Luttrell was on August 5, 2016, when Luttrell sent him "a copy of the appeal that he filed, along with a letter from [Luttrell]." CR Doc. 405, Ex. at 1. He said that he was writing to the court "in an attempt to find out the result of [his] appeal, because if it was denied, there are time limitations that [he would] have to adhere to." Id. He added that he was writing in an attempt to get a copy of his file from Luttrell, explaining that he had written Luttrell in November 2016 and asked for his file, but that Luttrell had not responded. Id.

The day after the court received the letter, the court issued an order informing Thompson that the Fifth Circuit issued an order and judgment on December 15, 2016, affirming this court's judgment of February 1, 2016, imposing Thompson's sentence, and that on January 6, 2017, the Fifth Circuit issued its judgment as a mandate. CR Doc. 405 at 1. The court expressed disappointment in Luttrell's failure to keep Thompson advised of pertinent developments in Thompson's case, id. at 2, and the assumption that Luttrell would cooperate with Thompson in causing Thompson to be provided material Luttrell has in his possession pertaining to Thompson's case so that Thompson would have that material if he chose to take further action in his case, id.

2.   The January 27, 2017 Letter and Order

On January 27, 2017, the court received another letter from
Thompson.  This time he informed the court that he still had not
received Luttrell's file material pertaining to his case that the
court had indicated by the January 10, 2017 order it expected
Luttrell to provide to Thompson.  CR Doc. 409, Ex. at 1.  He
included with his letter two items he had received from Luttrell,
Luttrell's January 17, 2017 letter informing Thompson for the
first time that the Fifth Circuit had affirmed his sentence, id.,
Ex. at 4, and a copy of the Memorandum to Counsel from which the
quotation in subsection E above was taken, id., Ex. at 3.
Luttrell said nothing in his letter to Thompson concerning a
petition for rehearing, he discouraged Thompson from seeking a
writ of certiorari, and he informed Thompson for the first time
that he was going to apply to the Fifth Circuit to withdraw from
further representation of Thompson and that, if the motion were
to be granted, Thompson would have to prepare his own petition
for certiorari.  Id., Ex. at 4-5.

In an order the court issued the same day it received
Thompson's letter, the court expressed concern that Luttrell
apparently had ignored the court's January 10, 2017 order
pertaining to cooperation by Luttrell with Thompson in causing
Thompson to be provided material Luttrell had in his possession

12

pertinent to Thompson's criminal case, id. at 4, and the court
ordered Luttrell to file a document by February 3, 2017,
providing his explanations, given in detail, for each of the
following things:

     1.  Why did Luttrell not inform Thompson of the
Fifth Circuit's December 15, 2016 ruling affirming
Thompson's judgment of sentence until Luttrell sent
Thompson the January 17, 2017 letter mentioned above?

     2.  Why did Luttrell, upon receipt of the
December 15, 2016 memorandum from the Fifth Circuit,
not promptly inform Thompson of Luttrell's plan to
withdraw as his counsel?

     3.  Why did Luttrell not say anything in his
January 17, 2017 letter to Thompson about the
possibility of filing a motion for rehearing in the
Fifth Circuit, seeking a rehearing of the rulings made
by the Fifth Circuit against Thompson in the opinion
and judgment the Fifth Circuit issued on December 15,
2016?

     4.  What are Luttrell's plans relative to ongoing
representation of Thompson?

     5.  If Luttrell plans to file a motion with the
Fifth Circuit to withdraw as counsel for Thompson, when
does he plan to file it, and what will the text of the
motion say?

     6.  Why has Luttrell not cooperated with Thompson
by causing Thompson to be provided material Luttrell
has in his possession pertinent to Thompson's criminal
case, and by informing Thompson of steps that might be
taken by Thompson to seek a copy of transcripts if
Luttrell does not have copies that can be provided to,
or copied for, Thompson?

Id. at 4-5.

3.   The February 15, 2017 Order and Luttrell's Response

Luttrell failed to comply with the directive of the January 27, 2017 order that he provide his explanations by February 3, 2017.  That led to the issuance by the court on February 15, 2017, of an order noting Luttrell's noncompliance, CR Doc. 410, and giving Luttrell another directive to provide the detailed explanations sought by the January 27, 2017 order, this time fixing a March 1, 2017 deadline, id. at 2.

On February 27, 2017, Luttrell filed what purported to be a response to the questions posed in the January 27, 2017 and February 15, 2017 orders.  CR Doc. 411.  He responded to the first two questions by saying that when the Fifth Circuit rendered its decision on December 15, 2016, he was in the middle of a jury trial; once the jury trial ended he took a vacation over the Christmas break; after his vacation ended, he fulfilled his obligation as member of the United States Air Force Reserves by going on orders for a week; and "[o]nce [he] returned to [his] office [he] informed Mr. Thompson of the decision of the Fifth Circuit and [his] intent to withdraw as his counsel."  Id. at ECF 1, ¶¶ 1 & 2.[2]  He concluded his explanation by stating that

---

[2]All CR Doc. "ECF ____" page number references are to the ECF header numbers at the tops of the pages. The "ECF____" reference is used when the referenced item is not paginated.

14

"[m]y short delay in writing to Mr. Thompson did not harm his appellate rights in anyway [sic]." Id., ¶ 1.

In response to the question concerning Luttrell's failure in his January 17, 2017 letter to Thompson to inform Thompson of the possibility of filing a petition for rehearing in the Fifth Circuit, Luttrell responded:

> 3.   I mistakenly omitted informing Mr. Thompson of his right to request a rehearing. I believed that I had included the information in my letter but clearly I had not. Further, even though Mr. Thompson had the right to request a rehearing there can be sever [sic] sanctions for making a frivolous request for rehearing. Mr. Thompson's case was not a case that a motion for rehearing should have been filed in and doing so could have resulted in sanctions against myself and Mr. Thompson.

Id. at ECF 1-2, ¶ 3.

In response to the question asking about Luttrell's plans relative to ongoing representation of Thompson, Luttrell advised that he filed a motion with the Fifth Circuit to withdraw as Thompson's counsel, and that the motion had been granted on February 16, 2017. Id. at ECF 2, ¶ 4. He said that he informed Thompson of his intent to withdraw, and provided him a copy of the motion to withdraw.[3] Id.

---

[3]The records of the Fifth Circuit, in its Case No. 16-10137, disclose that Luttrell filed with the Fifth Circuit on February 13, 2017, a document titled "Motion for Counsel to Withdraw and to be Relieved of Obligation to File Petition for Writ of Certiorari," seeking an order from the Fifth Circuit relieving him of all further representation and of the obligation to file a petition for writ of certiorari on behalf of Thompson. The Fifth Circuit's docket shows that Luttrell's motion to withdraw as court-appointed counsel was granted on February 16, 2017.

In response to the question concerning Luttrell's failure to cooperate with Thompson by causing Thompson to be provided material Luttrell has in his possession pertinent to Thompson's criminal case, Luttrell said that he provided Thompson the same material that is provided to all of his clients, and that "[i]t is not customary for counsel to provide a copy of the transcript to the defendant or a copy of the evidence." Id. at ECF 2, ¶ 5. Luttrell then added:

> Mr. Thompson's case was not a case that a rehearing should have been requested and the Supreme Court is not likely to grant certiorari on his case. If Mr. Thompson intends to request a Writ of Cert to the Supreme Court he will need to hire a lawyer. Mr. Thompson's new counsel can then request the material he will need for the Supreme Court if Writ is granted, which is not likely.

Id.

The last sentence in Luttrell's February 27, 2017 response repeated that "[a]lthough, there was a short delay in informing Mr. Thompson of the Fifth Circuits [sic] decision Mr. Thompson's appellate rights were not harmed in any way." Id. at ECF 2-3, ¶ 6.

    4.   The March 13, 2017 Letter and March 14, 2017 Order

On March 13, 2017, the court received another letter from Thompson.  CR Doc. 412, Ex at 1.  Thompson complained that

Luttrell still had not provided him a copy of Luttrell's file pertaining to Thompson's case.  Id.

On March 14, 2017, the court issued an order expressing dissatisfaction with Luttrell's explanations as to why he has not provided material Thompson has sought to assist him in proceeding further in his attempts to set aside his sentencing judgment. CR Doc. 412.  The court ordered that by Monday, March 20, 2017, Luttrell put in the mail, in a package properly posted and addressed to Thompson, everything Luttrell had in his possession, or that is subject to his control, that pertains to the criminal case against Thompson, and that by March 21, 2017, Luttrell file a document in this case "by which he informs that he has complied with this order and in which he provides a detailed list of each item he has mailed to Thompson pursuant to the directives of this order."  Id. at 3.

In the March 14, 2017 order, the court expressed the conclusion that Luttrell's conduct in his representation of, and dealings with, Thompson had been such to make disciplinary action against Luttrell pursuant to the authority of Local Criminal Rule LCrR 57.8(b)(1), (2), and (3) appropriate.  Id. at 3-4.  The court ordered the creation of this miscellaneous action to serve as a vehicle for the handling of such a disciplinary proceeding. Id. at 3-4.

G.   The March 15, 2017 Show Cause Order

On March 15, 2017, the court issued an order scheduling a hearing to be conducted on March 28, 2017, for Luttrell to appear and show cause, if any he had, why appropriate disciplinary action should not be taken against him for the conduct described in the order, which could include removal or suspension from the Bar of this court, removal from the Criminal Justice Act Panel of the Fort Worth Division of this court, a fine, or a combination of one or more of those things.  Doc. 10 at 10.[4]  The court listed in the order the court's concerns relative to Luttrell's conduct, which consisted of (1) Luttrell's district court motion to withdraw from representing Thompson on appeal, id. at 1-3; (2) Luttrell's failure to timely inform Thompson of the outcome of his appeal, id. at 3-4; (3) Luttrell's conduct in response to the Memorandum to Counsel the Fifth Circuit sent to Luttrell on December 15, 2016, id. at 4-6; and, (4) Luttrell's failures to comply with Thompson's requests and the court's orders concerning supplying Thompson with material he said he needed for self-representation, id. at 6-9.

The court expressed in the order the court's tentative conclusion that Luttrell had engaged in conduct unbecoming a

---

[4]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:17-MC-012-A.

member of the Bar of this court, had failed to comply with orders
of this court, and had engaged in unethical behavior. <u>Id.</u> at 1,
3, 4, 6, 8-9, 9-10.

H.    <u>The March 28, 2017 Show Cause Hearing</u>

    At the show cause hearing conducted on March 28, 2017,
Luttrell appeared and served as the only witness at the hearing.
He provided the following explanations for the matters about
which the court expressed concern in the March 15, 2017 show
cause order:

    1.    <u>The Filing by Luttrell of His District Court Motion to
          Withdraw from Representation of Thompson</u>

    Luttrell testified that his representation to the court in
his February 2, 2016 motion to withdraw as counsel for Thompson
that he "does not handle appeals" was not true.  Doc. 12 at 6.
He said that what he intended to convey is that he typically does
not handle appeals, <u>id.</u> at 7; and, he said that he is very
capable of handling an appeal, and did handle Thompson's appeal,
<u>id.</u> at 6-7.  He testified that his true reason for wanting to
withdraw was that Thompson had indicated that he would maintain
that Luttrell was ineffective as his counsel.  <u>Id.</u> at 7.

    2.    <u>Luttrell's Failure to Timely Notify Thompson of the
          Outcome of His Appeal</u>

    His explanation for his failure to notify Thompson of the
December 15, 2017 outcome of his appeal before he sent Thompson a

19

letter on January 17, 2017, was basically the same as the
explanation he provided in the document he filed February 27,
2017. Supra at 14-15; Doc. 12 at 8-12.

He said that he learned of the Fifth Circuit ruling through
his email account and, in response to questions by the court, he
explained:

> MR. LUTTRELL: [His paralegal] would not have known
> that the Fifth Circuit ruled on that case, Judge. That
> would have came to my e-mail address and not to her,
> unless I -- and again, Judge, I don't recall when I
> looked at the e-mail from the Fifth Circuit. I just
> don't recall. I know it was not the 15th. I believe it
> was the week that I was in Galveston, Texas, and that
> would have been the week before Christmas, and then the
> week after Christmas I was in New Orleans.
>
> THE COURT: Well, it arrived on December 15, which
> would be the day the Fifth Circuit ruled.
>
> MR. LUTTRELL: That is correct, Judge.
>
> THE COURT: So you had it on your e-mail, if that's
> the way it came, two days before you started your
> vacation.
>
> MR. LUTTRELL: One day, yes, Judge, but I was in
> court.
>
> THE COURT: And does nobody check your e-mail when
> you're on vacation?
>
> MR. LUTTRELL: Just myself, Judge.
>
> THE COURT: How do you check it while you're on
> vacation?
>
> MR. LUTTRELL: It comes to my phone.

> *THE COURT:* So you could have checked your e-mail and found that the Fifth Circuit ruled against your client?

> *MR. LUTTRELL:* Yes, Judge, I could have.

> *THE COURT:* And did you do that?

> *MR. LUTTRELL:* I recall checking it the following week. I do not recall seeing it the week that I was in jury trial.

> *THE COURT:* You checked it sometime the week starting on December the 19th?

> *MR. LUTTRELL:* Yes, Judge.

> *THE COURT:* And that's when you found out that the Fifth Circuit had affirmed the judgment against Mr. Thompson?

> *MR. LUTTRELL:* Yes, Judge.

> *THE COURT:* And what did you do to make him aware of that?

> *MR. LUTTRELL:* Judge, as you know, I waited until I got back to my office, after my military duty, until I informed him on the 17th of January.

> *THE COURT:* A month -- over a month later?

> *MR. LUTTRELL:* Yes, Judge.

Doc. 12 at 11-12.

Luttrell gave the following rather alarming explanations as to why he considered that Thompson was not harmed by Luttrell's failure to notify him of the Fifth Circuit's decision until after the time had run for Thompson to file a petition for rehearing:

21

*THE COURT:* . . . .

Don't you realize that's inexcusable for you not to tell him until after the time limit for filing a motion -- a petition for rehearing has run?

*MR. LUTTRELL:* Judge, my opinion is, first, if I violated a rule, it's the Fifth Circuit's rule, and I'm not sure why this Court maintains jurisdiction.

Second, even if he would have wanted a rehearing, I would not have filed a motion for rehearing on his behalf, as it would have been frivolous and would have caused me to be sanctioned.

I was still his counsel at the time. I'm the one that would have needed to request a motion for rehearing, which I would not have done. Under the Fifth Circuit rules, if you file a frivolous motion for rehearing, the Fifth Circuit would sanction -- can sanction me.

*THE COURT:* I don't purport to be having a hearing to determine whether you should be sanctioned for violating Fifth Circuit rules. You were appointed by this Court to represent that defendant.

*MR. LUTTRELL:* I understand that.

*THE COURT:* And this appointment included the representation of that defendant on appeal, and that necessarily includes doing a competent job of representing him on appeal, and I'm trying to find out why you felt it was appropriate not to give him notice that the Fifth Circuit had ruled against him in time for him to make a decision as to whether he wanted to file a notice or a petition for rehearing.

*MR. LUTTRELL:* Judge, it was the Christmas holiday. I just forgot. That's the bottom line. And when I got back to my office and went through my e-mails, I immediately informed him of his rights, of his right to request certiorari.

22

Again, Judge, even if Mr. Thompson would have --
if I would have informed Mr. Thompson on the 15th or
the 16th of his right, I still would not have filed a
motion for rehearing in his case. I was his attorney of
record at the time, and I would not have done so. Even
if he would have said, I want --

THE COURT: I think you're missing the point, Mr.
Luttrell.

The point is: Why didn't you give him an
opportunity to make that decision instead of you making
that decision?

MR. LUTTRELL: Judge, it would have been my
decision to make. I was --

THE COURT: You don't think your client has the
right to decide whether or not he wants to file a
petition for rehearing?

MR. LUTTRELL: No, Judge, I don't. I think it was
my right as his lawyer. I was his attorney of record at
the time. If he would have said to me, Mr. Luttrell, I
want you to file a motion for rehearing, I would have
told -- I would have sent him a letter saying, I'm not
doing that, as it is frivolous and the Fifth Circuit
could sanction myself and you for doing so.

THE COURT: Well, what if he disagreed with you?

MR. LUTTRELL: Well, Judge, then he could -- he
would have been stuck, Judge.

THE COURT: Pardon?

MR. LUTTRELL: He would have been stuck because I
was still his attorney of record, and I would not have
done it.

THE COURT: Okay.

MR. LUTTRELL: Judge, oftentimes, even in trial
work, clients disagree with what motions I file and
choose not to file, but it's my decision to make on

what those motions are. As counsel, those are my
decisions.

The defendants have the rights to decide whether
they are going to testify, whether they are going to
plead guilty, but when it comes to matters of law and
strategy, it is up to trial counsel to decide those
things -- yes, with input from the client. Clients
often ask us to do things that, one, are unethical,
and, two, are outside the bounds of the court.

THE COURT: Mr. Luttrell, was your first
notification to Mr. Thompson that the Fifth Circuit had
affirmed the judgment against him, my judgment, the
letter you sent him on January 17?

MR. LUTTRELL: Yes, Judge, it was.

. . . .

THE COURT: Mr. Luttrell, did you ever inquire of Mr.
Thompson whether he wanted to file a petition for rehearing
with the Fifth Circuit from the ruling it made on December
15?

MR. LUTTRELL: No, Judge, I did not.

THE COURT: Did you ever tell him what the time
limit was for the filing of a petition for rehearing in
the Fifth Circuit?

MR. LUTTRELL: I don't believe I did, Judge.

THE COURT: Why did you not do either of those
things?

MR. LUTTRELL: Again, Judge, in my -- in my
opinion, I was not going to file a motion for rehearing
for Mr. Thompson.

THE COURT: You didn't think he had the right to
know the time limit for doing it in case he decided to
do it himself?

> *MR. LUTTRELL:* I'm not saying that he didn't have the right to know, Judge. I chose -- and I just did not do it.
>
> *THE COURT:* Pardon?
>
> *MR. LUTTRELL:* It was a mistake on my part to not inform him of his right to -- for rehearing.
>
> *THE COURT:* Well do you ever inform defendants who have lost on appeal, when you're representing them as a court-appointed attorney, of their -- the timeliness for filing a motion for -- a petition for rehearing, and that they have the right to do that?
>
> *MR. LUTTRELL:* I don't believe I did, Judge.
>
> *THE COURT:* You've never done that?
>
> *MR. LUTTRELL:* No, Judge.

Id. at 13-17.

> 3. <u>Noncompliance with Obligations Imposed on Him by the Fifth Circuit's December 15, 2016 Memorandum</u>

The nearest Luttrell came to offering a defense to his failure to comply with the directives of the Fifth Circuit's December 15, 2016 Memorandum to Counsel was to express his belief that "if [he] violated a rule, it's the Fifth Circuit's rule, and [he is] not sure why this Court maintains jurisdiction." Doc. 12 at 13. His testimony constituted admissions that he did not fulfill his responsibility for the filing of a petition for rehearing, as the Fifth Circuit had instructed him to do, that he failed to notify Thompson promptly of his intention to withdraw as Thompson's counsel, as the Fifth Circuit had instructed, and

25

he failed to advise Thompson of the time limit for the filing for rehearing, as the Fifth Circuit had instructed.

> 4. <u>Luttrell's Failures to Comply with Thompson's Requests and the Court's Orders Concerning Providing Thompson Luttrell's File Material</u>

Luttrell denied that he received the letter Thompson said he sent him in November 2016 asking for a copy of his file.  <u>Id.</u> at 20.  He also denied that he had received a copy of this court's January 10, 2017 order by which this court expressed the court's expectation that Luttrell would cooperate with Thompson in causing Thompson to be provided material Luttrell has in his possession pertinent to Thompson's criminal case.  <u>Id.</u> at 21.  He then changed that to say that he might have received the order, and just did not open it "because [he] would have assumed that it had to do with a different defendant."[5]  <u>Id.</u>

He said he failed to comply with the January 27, 2017 order because he did not see it.  <u>Id.</u> at 24.  He gave the same explanation for not seeing the January 27, 2017 order that he gave for not seeing the January 10, 2017 order if it was received by him through email.  <u>Id.</u> at 24.  His explanations for when he does or does not open emails he receives from the court

---

[5]This court's records show that the January 10, 2017 order was sent to Thompson's registered ECF address on January 10, 2017, and that the transmission was successful.

26

pertaining to a criminal case in which he is representing one of
the defendants was disturbing.   Id. at 24-25.

When Luttrell did not respond by the deadline of February 3,
2017, to the January 27, 2017 order, the court issued another
order, this one dated February 15, 2017, extending the date for
response to March 1, 2017.   CR Doc. 410.   When Luttrell finally
filed a response to the January 27, 2017 and February 15, 2017
orders, he did not provide an adequate explanation of his failure
to live up to the court's expectation that he provide Thompson a
copy of his file material pertaining to Thompson's case.   CR Doc.
411 at ECF 2, ¶ 5.

Of significance, statements made by Luttrell in his
explanation seem to contradict statements he made that he had not
received the January 10, 2017 order (first version), or if he did
receive it he had not opened it (second version).[6]

On March 13, 2017, the court received another letter from
Thompson, complaining that he still had not received copies of
Luttrell's file on his case.   CR Doc. 412, Ex.   On March 14,
2017, the court issued an order in which the court summarized the

---

[6]Part of the explanation he gave for not providing Thompson the material Thompson requested
was "I did not see the notice from the court until after I returned from my military duty . . . ." CR Doc.
411 at ¶ 5.  Luttrell had to do some backtracking when he realized during his hearing testimony that he
actually was admitting that he had received and read the January 10, 2017 order.  Doc. 12 at 26-28.  The
inconsistencies in Luttrell's versions of whether he did or did not receive the January 10, 2017 order
point up his lack of credibility and lack of candor with the court.

history of the court's attempts to cause Luttrell to provide

Thompson with Luttrell's file material pertaining to Thompson's

case.  Id. at 1-3.  The court ordered that by March 20, 2017,

Luttrell put in the mail, in a package properly posted and

addressed to Thompson, everything Luttrell had in his possession

or subject to his control that pertains to Thompson's criminal

case.  Id. at 3.  The order also directed that by March 21, 2017,

"Luttrell file a document in this case by which he informs that

he has complied with this order and in which he provides a

detailed list of each item he has mailed to Thompson pursuant to

the directives of this order."  Id.

    The court received from Luttrell on March 21, 2017, a

document that purported to be a response by Luttrell to the

directives of the March 14, 2017 order.  CR Doc. 415.  However,

Luttrell did not inform the court that he had provided Thompson

everything Luttrell had in his possession that pertained to

Thompson's criminal case, nor did he provide "a detailed list of

each item he mailed to Thompson pursuant to the directives of

[the] order."  CR Doc. 412 at 3.

    On April 7, 2017, the court received yet another letter from

Thompson, again informing the court that he had not received the

file material from Luttrell that the court had ordered Luttrell

to provide.  CR Doc. 418, Ex.  On April 10, 2017, the court

28

issued another order on the subject of Luttrell providing file material to Thompson, this time discussing the court's findings concerning unsuccessful attempts by Luttrell to send a package to Thompson on March 20, 2017. CR Doc. 418 at 1-3. In that order, the court pointed out Luttrell's failures to comply with directives of the March 14, 2017 order. Id. at 3-4. Luttrell was given an extension of time until April 19, 2017, to file a supplement to his March 21, 2017 response that complied with those requirements. Id. at 4-5.

By a document Luttrell filed on April 12, 2017, he provided information indicating that he finally was taking seriously the directives of the court that he provide to Thompson copies of his file material pertaining to Thompson's case. CR Doc. 419. However, he has yet to provide a detailed list of the items he has provided to Thompson, as he was directed to do by the March 14, 2017 and April 10, 2017 orders.[7] That information was omitted from the supplemental response Luttrell filed April 13, 2017. CR Doc. 420.

---

[7]The list Luttrell provided in the document he filed March 21, 2017, is too general. CR Doc. 415. For examples, there was an issue as to what transcripts Luttrell had in his possession, there was no indication as to the meaning of "[e]xcerpts," and the "District Court Filings" entry does not provide the ordered detail.

III.

## Evaluation of the Levels of Seriousness of Luttrell's Inappropriate Conduct

A.   The False Representation Made by Luttrell in His February 2016 Motion to Withdraw That He Does Not Handle Appeals

As the court noted in the February 4, 2016 order denying Luttrell's motion to withdraw as counsel for Thompson, Luttrell's moton was virtually identical to one that recently had been filed by the retained attorney for one of Thompson's co-defendants. CR Doc. 323 at 1. The motion upon which Luttrell's motion appeared to be patterned was filed January 22, 2016. CR Doc. 274. The only differences between the two are the changes of names and dates and the addition in Luttrell's motion of a paragraph 4. CR Doc. 321. Giving Luttrell the benefit of the doubt, perhaps he simply had a member of his office staff use the other motion as a format, without giving particular thought to what it said. But that does not excuse Luttrell's conduct in making the false representation that he "does not handle appeals," and in disregarding the requirement that he represent Thompson on appeal, and his commitment to do so.

If that conduct were the only problem, disciplinary action against Luttrell for that conduct would not be considered beyond the disapproval of his conduct expressed in the wording of the February 4, 2016 order denying the motion. However, the court is

satisfied that such conduct constituted conduct unbecoming a member of the Bar of this court, within the meaning of Local Criminal Rule LCrR 57.8(b)(1), and that it is appropriate for consideration, and should be considered, in the overall evaluation of whether, and what kind of, disciplinary action should be taken against Luttrell.

B.   Failure to Timely Inform Thompson of the Outcome of His Appeal, and Related Issues

The issues pertaining to the untimeliness of Luttrell's report to Thompson of the outcome of Thompson's appeal and the issues of the obligations, if any, of Luttrell relative to Thompson's right to decide whether to file a petition for rehearing in the Fifth Circuit are somewhat intertwined. There is no doubt that Luttrell had an obligation to promptly inform Thompson of the outcome of his appeal, that waiting more than thirty days after Luttrell received information that the Fifth Circuit had affirmed Thompson's sentence to notify Thompson of the appellate outcome did not constitute timely notice, and that such a delay was conduct unbecoming a member of the Bar of this court. The record of this action establishes that the delay was inexcusable on Luttrell's part and that it was a very serious violation of Luttrell's professional obligations to Thompson.

31

But, that is not the end of the matter.  The memorandum
Luttrell received on December 15, 2016, from the Fifth Circuit
told him he was responsible for filing a petition for rehearing
unless relieved of that obligation by court order.  Supra at 9-
10.  Similarly, this court's Criminal Justice Act Plan directed
that "[o]nce counsel is appointed under the CJA, representation
shall continue until: 1) the matter, including appeal or review
by certiorari, is closed; . . . or 4) the appointment is
terminated by court order."  Supra at 7.  Luttrell's own
commitment by his July 2015 entry of appearance was broad enough
to impose on Luttrell an obligation to file a petition for
rehearing "until a final judgment has been entered; unless and
until, after written motion filed by [Luttrell], [he is] relieved
by Order of the Court."  Supra at 6-7.

It is no answer to say, as Luttrell contended at the show
cause hearing, that he had the final say as to whether a petition
for rehearing would be filed, and that he did not have an
obligation to do anything if he concluded that such a petition
was meritless or frivolous.  Supra at 22-25.  Arguments similar
to that have been made, and rejected, in cases when the defendant
complained of his court-appointed attorney's failure to file on
the defendant's behalf a petition for writ of certiorari.  See
United States v. James, 990 F.2d 804, 805 (5th Cir. 1993); United

32

States v. Sotelo, 778 F.2d 1125, 1126-27 (5th Cir. 1985); see
also, Wilkins v. United States, 441 U.S. 468, 469 (1979); Doherty
v. United States, 404 U.S. 28, 32-36 (1971)(Douglas, J.
concurring).  As the Fifth Circuit noted in James, "[i]f no
issues of merit can be raised, counsel is reminded of the rule of
Anders v. California, 386 U.S. 738 . . . (1967)."  James, 990 at
805.  Thus, even if Luttrell concluded that a petition for
rehearing on behalf of Thompson would have been frivolous or
meritless, he should have proceeded pursuant to the method
suggested by the Supreme Court in Anders, as defined for use in
the Fifth Circuit in United States v. Flores, 632 F.3d 229 (5th
Cir. 2011).[8]

The court has concluded that Luttrell's failures to comply
with the obligation imposed on him by this court's Criminal
Justice Act Plan, the commitment he made by his entry of
appearance for Thompson, and the Memorandum to Counsel he
received from the Fifth Circuit on December 15, 2016, all
constituted conduct unbecoming a member of the Bar of this

---

[8]The court recognizes that there are unreported decisions from district courts within the Fifth
Circuit that could cast doubt upon a court-appointed attorney's obligation to file a petition for rehearing.
See United States v. Delgado, No. C-10-38 (Criminal No. C-08-104) 2011 WL 1155720 (S.D. Tex. Mar.
28, 2011); United States v. Waid, No. H-08-0516 (Criminal No. H-05-231) 2009 WL 483862 (S.D. Tex.
Feb. 25, 2009); United States v. Thompson, No. H-07-0994 (Criminal No. H-04-046) 2007 WL 3036610
(S.D. Tex. Oct. 17, 2007).  The court does not consider any of those decision to be persuasive authority
on any issue with which the court is concerned in the instant action.

court.[9]  That conduct, without more, would justify the discipline
the court is imposing.

In addition to constituting conduct unbecoming a member of
the Bar of this court, the conduct of Luttrell that has been
discussed under this subheading also was "unethical behavior,"
within the meaning of this court's Local Criminal Rule LCrR
57.8(b)(3).  The term "unethical behavior," as used in that rule,
"means conduct undertaken in or related to a criminal proceeding
in this court that violates the Texas Disciplinary Rules of
Professional Conduct."  LCrR 57.8(e).

The court has concluded that Luttrell's conduct was in
violation of Rule 1.01(b) of the Texas Disciplinary Rules of
Professional Conduct, which provides that:

(b)  In representing a client, a lawyer shall not:

(1)  neglect a legal matter entrusted to the lawyer; or

(2)  frequently fail to carry out completely the
obligations that the lawyer owes to a client or
clients.[10]

---

[9]The court would not be concerned with Luttrell's failure to comply with the directives he
received from the Fifth Circuit were it not for the fact that his noncompliance with those directives
constituted, as well, noncompliance with the obligations he had under this court's CJA Plan, Luttrell's
entry of appearance as attorney for Thompson, and the docket entry defining his obligation as an attorney
for Thompson, all of which imposed an obligation on Luttrell to continue to represent Thompson through
his appeal unless relieved of that obligation by court order.

[10]Tex. Disciplinary Rules Prof'l Conduct R. 1.01(b), reprinted in Tex. Gov't Code Ann., tit. 2,
subtit. G, app. A (West 2013)(Tex. State Bar R. art. X, § 9).

and, Rule 1.03(a), which provides as follows:

> (a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.[11]

Luttrell's explanations concerning his delay of over thirty days in notifying Thompson of the outcome of Thompson's appeal constituted neglect of a legal matter entrusted to Luttrell; and, Luttrell's repeated failures to do the things he was obligated to do on behalf of Thompson constituted frequent failures to carry out completely his obligations to Thompson.[12]  Not only that, Luttrell obviously failed to keep Thompson reasonably informed about the status of his appeal, and he failed to comply with Thompson's reasonable requests for information in the form of file material possessed by Luttrell.

C.   <u>Luttrell's Failure to Comply with Thompson's Requests, and this Court's Order Expressing the Court's Expectations, That Luttrell Provide Thompson the File Material He Would Need for *Pro Se* Representation, or Representation Through Another Attorney, for Whatever Actions He Might Take to Gain Relief from His Sentence</u>

The court is not aware of any fact that would cause Thompson to be entitled to relief from the sentence he received from this court.  But, that is not the point.  The point is that Luttrell

---

[11]<u>Id.</u>, R. 1.03.

[12]Luttrell's statements that a delay of over thirty days in informing Thompson of the outcome of his appeal was a "short delay," <u>supra</u> at 15-16, helps confirm Luttrell's ethical shortcomings.

should readily have provided Thompson a copy of Luttrell's entire file pertaining to Thompson's case when Thompson requested it, and certainly no later than when Luttrell no longer was representing Thompson and he knew that Thompson would be required to proceed on his own or through another attorney.  Not only did Luttrell fail to comply with Thompson's requests for copies of his file material, he also failed to honor this court's expectation as expressed in the January 10, 2017 order that he provide to Thompson material Luttrell had in his possession pertinent to Thompson's criminal case.  While the fact that the court has not received a letter from Thompson since the court received his April 4, 2017 letter complaining that he still had not received file material from Luttrell causes the court to assume, with relief, that Luttrell and Thompson have finally resolved Thompson's need for file material possessed by Luttrell, the court notes the difficulty the court had in bringing about that result and the fact that Luttrell has yet to provide all the information the court sought by the March 14, 2017 and April 10, 2017 orders.

The conduct discussed under this subheading probably would not have led independently to significant disciplinary action against Luttrell.  However, it is conduct that is unbecoming a member of the Bar of this court, and that is appropriately

36

considered in the evaluation of discipline to be imposed on
Luttrell.

D.    Failure to Comply with Orders

The court is satisfied that Luttrell falsely represented
that he was unaware of the January 10, 2017 order when it was
received, and that he simply chose to disregard the expectations
the court expressed in that order.  Next, he did not comply with
the directive of the January 27, 2017 order that he file a
document by February 3, 2017, providing explanations on certain
subjects.  Luttrell has yet to comply with the directives of the
March 14, 2017 and April 10, 2017 orders that he provide the
court a detailed list of each item he has provided to Thompson
pursuant to court directives.

The record suggests that Luttrell has little, if any, more
respect for orders of the court than he does for the rights of
his criminal defendant clients.  While the court finally was able
to cause Luttrell to do most of the things the court had ordered
him to do, the fact that in some instances the court had to enter
more than one order to gain Luttrell's attention is a serious
matter.

IV.

## Discipline the Court Is Imposing

In determining what discipline to impose, the court is trying to ensure that the disciplines are severe enough to deter repetition of the offending conduct by Luttrell, or comparable conduct by similarly situated attorneys, but not more than is reasonably necessary to accomplish that goal. The disciplines take into account the importance that members of the Bar conduct themselves in an appropriate manner, showing due respect for the court and its judges, as well as to the persons they represent. The combination of disciplinary action that the court is imposing constitutes the least severe combined actions the court can take that would appropriately address what the court considers to be serious violations by Luttrell of his duties to the court, his ethical obligations, and his responsibilities to his clients.

The court has concluded that the following disciplines are to be imposed on Luttrell:

1.    The court ORDERS that Luttrell be removed from the panel of attorneys eligible to be appointed for representation of indigent defendants in criminal actions in the Fort Worth Division (commonly known as the Fort Worth Division CJA Panel), and that he is no longer eligible for appointment in the Fort Worth Division to represent an indigent defendant.

38

2.   The court further ORDERS that Luttrell pay a fine of Seven Hundred Fifty and 00/100 Dollars ($750.00) by making payment of that amount to the clerk of court at the clerk's office in the Fort Worth Division by May 25, 2017.

3.   The court further ORDERS that by December 15, 2017, Luttrell attend twelve hours of a course or courses at an accredited law school, or accredited law schools, acceptable to this court, on the subjects of his ethical obligations to the court and his clients[13] and that:

a.   by June 1, 2017, Luttrell file in the above-captioned miscellaneous proceeding, a document describing as to each course he plans to attend in satisfaction of the requirements of this order: (1) the name of the course or courses, (2) the identity of the law school or law schools at which the course or courses are to be attended, (3) the subject matters to be taught during the course or courses, and (4) the time periods of his planned attendance; and

b.   by January 5, 2018, Luttrell file in the above-captioned miscellaneous action a document

---

[13]In ordering the attendance of courses on the subjects of his ethical obligations to the court and his clients, the court has taken into account that Luttrell will continue to be a member of the Bar of this court and of the Criminal Justice Act Panel of the Dallas Division of this court, which is the division in which Luttrell maintains his office.

providing verification, in affidavit or declaration

form, that he has complied with his attendance

obligations set forth above.

SIGNED May 15, 2017.

_____

JOHN McBRYDE

United States District Judge